2011 DEC 13 PM 1:40
JUDICIAL ...
YORK, PA

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| DONNA REDDING ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | Tuesday, December 13, 2011 1:41 PM |
| ) | |
| LVNV FUNDING LLC ) | 2011-SU-004864-49 |
| EDWIN A. ABRAHAMSEN & ASSOCIATES ) | |
| EDWIN A. ABRAHAMSEN, INDIVIDUALLY ) | |
| MICHAEL F. RATCHFORD, INDIVIDUALLY ) | |
| JOHN DOES ) | |
| Defendants ) | |

**NOTICE TO DEFEND**
Pursuant to PA RCP No. 1018.1

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE OF THE YORK COUNTY BAR ASSOCIATION
137 EAST MARKET STREET
YORK, PA 17401
TELEPHONE: (717) 854-8755

**AVISO PARA DEFENDER**
Conforme a PA RCP Núm. 1018.1

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defender conta la demanda puestas en las siguientes páginas, usted tienen que tomar acción dentro viente (20) días después que esta Demanda y Aviso es servido, con entrando por escrito una aparencia personalmente o por un abogado y archivando por escrito con la Corte sus defenses o objeciones a las demandas puestas en esta contra usted. Usted es advertido que si falla de hacerio el caso pucde proceder sin usted y un jazgamiento puede ser entrado contra usted por la Corte sin más aviso por cualquier dinero reclamado en la Demenda o por cualquier otro reclamo o alivio solicitado por Demandante. Usted puede perder dinero o propiedad o otros derechos importante para usted.

USTED DEBE LLEVAR ÉSTE PAPEL A SU ABOGADO ENSEGUIDA. SI USTED NO TIENE UN ABOGADO, VAYA O LLAME POR TELÉFONO LA OFICINA FIJADA AQUÍ ABAJO. ESTA OFICINA PUEDE PROVEERÉ CON INFORMACIÓN DE CÓMO CONSEGUIR UN ABOGADO. SI USTED NO PUEDE PAGARLE A UN ABOGADO, ÉSTA OFICINA PUEDE PROVEERÉ INFORMACIÓN ACERCA AGENCIAS. QUE PUEDAN OFRECER SERVICIOS LEGAL A PERSONAS ELIGIBLE AQ UN HONORARIO REDUCIDO O GRATIS. SERVICIO DE REFERIDO A ABOGADO COLEGIO DE ABOGADOS DEL CONDADO

DE YORK ABOGACÍA DEL CONDADO DE YORK
CALLE MARKET #137 ESTE
YORK, PENNSYLVANIA 17401
TELÉFONO: (717) 854-8755

JEREMY A. DONHAM, ESQUIRE
Attorney ID No. 206980
2040 East Market Street
York, Pennsylvania 17402
Phone: (717) 814-5899            Attorney for Plaintiff

---

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| DONNA REDDING ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | No. |
| ) | |
| LVNV FUNDING LLC ) | |
| EDWIN A. ABRAHAMSEN & ASSOCIATES, P.C ) | |
| EDWIN A. ABRAHAMSEN, INDIVIDUALLY ) | |
| MICHAEL F. RATCHFORD, INDIVIDUALLY ) | |
| JOHN DOES ) | |
| Defendants ) | |

## COMPLAINT

**NOW COMES**, Plaintiff Donna Redding by and through undersigned counsel, Allie & Donham, LLC, and states as follows:

1. Plaintiff Donna Redding is an adult resident of the Commonwealth of Pennsylvania, with an address located at 2142 Keeney Road, York County, Spring Grove, Pennsylvania 17362.

2. Defendant LVNV Funding, LLC, upon information and belief, is a Delaware Limited Liability Company doing business in Pennsylvania with a principal place of business of 120 N Keyser Avenue, Scranton, Pennsylvania 18504.

3. Defendant Edwin A. Abrahamsen & Associates, P.C. is upon information and belief, a Pennsylvania Professional Corporation with a principal place of business of 120 N Keyser Avenue, Scranton, Pennsylvania 18504.

4. Defendant Edwin A. Abrahamsen is a Pennsylvania Attorney with an address located at 120 N Keyser Avenue, Scranton, Pennsylvania 18504.

5. Defendant Michael F. Ratchford is a Pennsylvania Attorney with an address located at 120 N Keyser Avenue, Scranton, Pennsylvania 18504.

6. Beginning on or about the end of 2010 LVNV agents contacted the Plaintiff by phone to attempt to collect on a debt which was in the same name as the Plaintiff.

7. Plaintiff and Plaintiff's husband explained that she did not live at the address that they were referring to nor was she the same person to which they referred.

8. Defendant LVNV, through its agents then proceeded to attempt to extract personal identifying information from the Plaintiff. Plaintiff refused to give out her identification for fear that the caller was committing fraud.

9. Defendants then solicited, mislead and attempted to deceive the Plaintiff into paying off the debt despite the fact that the Plaintiff stated that she was not the debtor.

10. The calls from the Defendant LVNV persisted despite the fact that the Plaintiff told the callers that she was not the person they were seeking becoming more harassing and causing the Plaintiff fear and anxiety.

11. In or about April 2011 Plaintiff and her husband called the police to find out if there were any scams trying to gather Social Security numbers and other information. This was after the 2nd or 3rd call from the Defendants.

12. The Plaintiff's husband, Harold Redding, contacted the number the Defendants were calling from through reverse search to determine who was calling.

13. On or about May 26, 2011 Defendants filed a civil complaint with the Magisterial District Court 19-2-03 Honorable Daniel B. Garber 390 East Berlin Rd., York, Pennsylvania

17408. The receipt of this complaint was the first documentation the Plaintiff had been sent regarding the alleged debt.

14. In their complaint docketed as MJ-19203-CV-0000215-2011, the Defendants sought relief for a debt in the amount of $1,155.53 against a "Donna Redding" for a debt from GE Capital.

15. Defendant sought full relief in the amount of $1,362.58 and court costs.

16. Attorney Michael F. Ratchford, Esquire, verified that the facts set forth in the complaint were true and correct per 18 PA. C.S. § 4904.

17. On or about August 16, 2011 Plaintiff and her husband met with an attorney to discuss the matter and seek counsel.

18. On or about August 16, 2011 Plaintiff's counsel called Defendants to explain the fact that Plaintiff was not the proper party while comparing the last four (4) digits of her social security number and verifying with the agent of LVNV that the Plaintiff was not the proper debtor.

19. Defendants agent "Tom" acknowledged that Plaintiff was not the correct party and stated that he would contact the attorney for Defendant to have them take care of the matter telling counsel that he was not an attorney but that they would tell the attorney for the Defendant to contact Plaintiff's counsel.

20. Plaintiff's counsel explained that the civil action must be withdrawn as the Plaintiff was not the correct party in the action. Defendants never contacted Plaintiff's counsel nor the Plaintiff.

21. Defendants proceeded with the civil action despite its knowledge that Plaintiff was not the correct party.

22. Numerous representatives of the magistrate's office were notified that the Plaintiff owed a debt she did not owe and was the Plaintiff being sued for failure to pay her debt.

23. Plaintiff's health deteriorated as a direct and proximate result of the stress caused by the Defendant's vexatious actions.

24. Plaintiff appeared on August 30, 2011 at 2:00pm for the case docketed as MJ-19203-CV-0000215-2011.

25. Defendant failed to appear or to contact the Plaintiff, Plaintiff's counsel or the court regarding the matter.

26. The magistrate found in favor of the Plaintiff (see Plaintiff's exhibit 3) and against the Defendant in the case granting a judgment for the Plaintiff and the Defendant never appealed.

27. Plaintiff continues to receive phone calls from other credit collection agencies regarding debts she does not owe.

28. Plaintiff reasonably believes that Defendants have unlawfully sold or disclosed her name and address to other collection agencies.

## COUNT 1: AGENCY/RESPONDEAT SUPERIOR

29. Plaintiff realleges and incorporates by reference paragraphs 1-28 as though fully rewritten herein.

30. The Plaintiff did incur financial loss, emotional distress, sleeplessness, medical issues, embarrassment, indignities and shame as a result of the Defendant agents' actions.

31. The agents of the Defendants were employees of the Defendant because the Defendant had the right to control the agents' actions in soliciting, misleading and attempting to deceive the Plaintiff into paying a debt she did not owe.

32. The Defendants' agents' actions of soliciting, misleading, attempting to deceive, filing an illegitimate lawsuit, and failing to withdrawal it after learning the Plaintiff was not the debtor, all were committed while the agents were working within the scope of their employment with and for the benefit of the Defendants.

33. Plaintiffs have been significantly and irreparably harmed by the actions of the agents of the Defendant and are entitled to damages as outlined below.

WHEREFORE, Plaintiff respectfully prays this Honorable Court to find the Defendant corporate party vicariously liable for the actions of its agents and award damages for harm to Plaintiff's reputation; attorney's fees and court costs; pecuniary losses, pre and post judgment interest, emotional distress damages, punitive damages and any and all such further relief as may be deemed appropriate.

## COUNT 2: DRAGONETTI ACT

34. Plaintiffs realleges and incorporates by reference paragraphs 1 through 33 as though fully written herein.

35. On or about May 26, 2011 the Defendants, without probable cause as to the correct debtor, initiated a lawsuit against the Plaintiff.

36. On or about May 26, 2011 the Defendants, with conscious, voluntary and reckless disregard did file a lawsuit against the Plaintiff.

37. The Defendants did not do their due diligence to responsibly determine whether the Plaintiff was the correct party to sue.

38. On or about May 26, 2011 the Defendants did file a lawsuit against the Plaintiff knowing that it was foreseeable that the Plaintiff would incur harm to her finances, emotional distress, embarrassment, shame, other costs and attorney's fees.

39. On or about August 16, 2011 Plaintiff's counsel called Defendants to explain the fact that Plaintiff was not the proper party giving them the last four (4) digits of her social security number and verifying that Plaintiff was the incorrect debtor.

40. Defendants agent "Tom" acknowledged that Plaintiff was not the correct party and stated that he would contact the attorney for Defendant to have them take care of the matter.

41. Still the Defendants took no additional steps to determine whether the Plaintiff was the debtor or to withdrawal the complaint.

42. The Plaintiff did incur financial loss, emotional distress, sleeplessness, medical issues, embarrassment, and shame as a result of the lawsuit.

43. The Defendants did not possess probable cause to prosecute the claim as they did not know whether the Plaintiff was the correct party and had taken no reasonable steps to determine whether Plaintiff was indeed the responsible debtor or withdrawal the complaint.

44. The Defendants knew the Plaintiff was not the true debtor but filed their lawsuit against the Plaintiff seeking to cause her to pay the debt in order to financially benefit despite their knowledge or failure to acknowledge that the Plaintiff was not the proper party.

45. The proceedings have terminated in favor of the Plaintiff as the district justice granted a judgment in favor of the Plaintiff and against the Defendant.

WHEREFORE, Plaintiff respectfully prays this Honorable Court to award damages for harm to Plaintiff's reputation; attorney's fees and court costs; pecuniary losses, pre and post judgment interest, emotional distress damages, punitive damages and any and all such further relief as may be deemed appropriate.

## COUNT 3: FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiffs reallege and incorporate by reference paragraphs 1-45 as though fully rewritten herein.

47. The Defendants are creditors as defined by the Act.

48. The Plaintiff is a consumer as defined by the Act.

49. The Defendants harassed, oppressed and abused the Plaintiff by failing to properly seek information under the Act.

50. The Defendants harassed, oppressed and abused the Plaintiff by filing an illegitimate lawsuit against the Plaintiff when the Plaintiff had given them information that she was not the correct debtor.

51. The Defendants harassed, oppressed and abused the Plaintiff by failing to withdrawal the lawsuit when it knew the Plaintiff was not the proper party/debtor.

52. The Defendant used false, deceptive and misleading means to collect the debt when it failed to properly notify the debtor by proper documentation of her rights under the Act.

53. The Defendants never mailed appropriate documentation to the Plaintiff pursuant to the Plaintiff's rights to receive such documentation and afford an opportunity to prove she was not the proper debtor.

54. The Defendant falsely filed a public lawsuit which claimed the Plaintiff had failed to pay her debt disgracing the Plaintiff maliciously, deliberately and callously, maintaining the aforesaid action despite its knowledge that the debt was not the Plaintiffs.

55. The Defendants actions were unfair and unconscionable in that it had specific and credible information that the Plaintiff was not the debtor yet proceeded to put the plaintiff through the emotional distress of a court hearing in which it failed to show up.

56. The violations hereto mentioned are a per se violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

57. The Defendant applied no reasonable measures to determine whether the Plaintiff was the actual debtor seeking only by intimidation to punish the Plaintiff despite their knowledge that she was not the proper debtor.

WHEREFORE, the Plaintiff requests this Honorable Court to enter judgment in their favor including any and all actual damages, statutory and/or statutory treble damages against the Defendants, jointly and severally, together with interest, costs, and reasonable attorney fees as provided for under the Act and such other relief that this Court deems just and equitable.

## COUNT 4: PENNSYLVANIA UNFAIR TRADE PRACTICES ACT

58. Plaintiffs reallege and incorporate by reference paragraphs 1-57 as though fully rewritten herein.

59. The Defendants solicit the payment of debts.

60. The Defendants are collectors of debt.

61. The Defendants solicited payment of a debt from the Plaintiff.

62. Defendants harassed, misled, and attempted to deceive the Plaintiff through its collections activities.

63. The Plaintiff was misled, deceived and confused by the actions of the Defendants.

WHEREFORE, Plaintiffs request this Honorable Court to enter judgment in their favor including any and all actual damages, statutory treble damages against the Defendants, jointly and severally, together with interest, costs, and reasonable attorney fees as provided for under the Act and such other relief that this Court deems just and equitable.

Respectfully submitted,

Date: Dec 13, 2011

Jeremy A. Donham, Esquire
PA Supreme Court ID: 206980
Allie & Donham
2040 East Market Street
York, Pennsylvania 17402
(717) 814-5899 Phone
(717) 252-2153 Fax
jeremy@alliedonham.com

## VERIFICATION

I verify that the statements made in the foregoing PLAINTIFFS COMPLAINT are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 12-13-2011

Donna J. Redding

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the Plaintiff's Complaint was sent by certified mail return receipt requested to the following:

The Corporation Trust Company
Registered Agent for LVNV Defendants
1209 Orange Street
Wilmington, Delaware 19801

Edwin A. Abrahamsen
Abrahamsen, Conaboy, Abrahamsen
1006 Pittstown Ave.
Scranton, Pennsylvania 18505

Michael F. Ratchford, Esquire
120 N. Keyser Ave.
Scranton, Pennsylvania 18504

Date: Dec 13, 2011

Jeremy A. Donham, Esquire
PA Supreme Court ID: 206980
Allie & Donham
2040 East Market Street
York, Pennsylvania 17402
(717) 814-5899 Phone
(717) 252-2153 Fax
jeremy@alliedonham.com

<’s

**The Law Offices of Allie & Donham**
2040 East Market Street
York, PA 17402

CERTIFIED MAIL™

7007 2560 0000 8453 3008

RETURN RECEIPT REQUESTED

The Corporation Trust Company
Registered Agent for LVNV Defendants
1209 Orange Street
Wilmington, DE 19801

U.S. POSTAGE PAID
YORK, PA
17402
DEC 13, 11
AMOUNT
$5.99
00094173-09