**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONNA REDDING, | ) |
| | ) |
| Plaintiff, | )   COURT FILE NO.: 12cv69 |
| | ) |
| v. | ) |
| | ) |
| LVNV FUNDING, LLC., et. al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER OF DEFENDANT LVNV FUNDING**

Defendant LVNV Funding, LLC ("Defendant" or "LVNV") by and through their counsel HYNUM LAW and Michael A. Hynum, Esquire do submit their Answer to the Complaint of Donna Redding ("Plaintiff"), in the above-entitled matter, deny each and every allegation contained therein, unless otherwise admitted or qualified herein, and state and allege as follows:

1.      Admitted, upon information and belief.

2.      Admitted in part, denied in part; LVNV is a Delaware Limited Liability Company; however the address alleged is not correct.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

7.      This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

8.      This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

9.      This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

10.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

11.     In response to Paragraph 11 of Plaintiff's Complaint, CCS states that Exhibit A speaks for itself, while denying said paragraph to the extent, if any, that it misinterprets and/or misconstrues said Exhibit.

12.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

13.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

14.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

15.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

16.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

17.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint and therefore deny the same.

18.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

19.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

20.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

21.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

22.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint and therefore deny the same.

23.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint and therefore deny the same.

24.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

25.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

26.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

27.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint and therefore deny the same.

28.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore deny the same.

## COUNT 1: AGENCY/RESPONDEAT SUPERIOR

29.     Defendants restate and incorporate the responses in paragraphs 1-28 above as if fully set forth herein.

30.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint and therefore deny the same.

31.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

32.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

33.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in their favor and against Plaintiff as follows:

1.     Denying Plaintiff's requests for relief;

2.     Dismissing all causes of action against all Defendants with prejudice and on the merits; and,

3.     Awarding all Defendants such other and further relief as the Court deems just and equitable.

## COUNT II: DRAGONETTI ACT

34.     Defendants restate and incorporate the responses in paragraphs 1-33 above as if fully set forth herein.

35.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

36.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

37.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

38.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

39.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

40.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

41.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

42.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

43.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

44.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

45.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in their favor and against Plaintiff as follows:

1.     Denying Plaintiff's requests for relief;

2.     Dismissing all causes of action against all Defendants with prejudice and on the merits; and,

3.     Awarding all Defendants such other and further relief as the Court deems just and equitable.

## COUNT III: FAIR DEBT COLLECTION PRACTICES ACT

46.     Defendants restate and incorporate the responses in paragraphs 1-45 above as if fully set forth herein.

47.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 47 of Plaintiff's Complaint and therefore deny the same.

48.     Defendant has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 48 of Plaintiff's Complaint and therefore deny the same.

49.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

50.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

51.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

52.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

53.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

54.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

55.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

56. This paragraph is a conclusive statement to which no response is required. To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied. By way of further response, the statutes cited speak for themselves.

57. This paragraph is a conclusive statement to which no response is required. To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in their favor and against Plaintiff as follows:

1. Denying Plaintiff's requests for relief;

2. Dismissing all causes of action against all Defendants with prejudice and on the merits; and,

3. Awarding all Defendants such other and further relief as the Court deems just and equitable.

## COUNT IV: PENNSYLVANIA UNFAIR TRADE PRACTICES ACT

58. Defendants restate and incorporate the responses in paragraphs 1-57 above as if fully set forth herein.

59. While Defendants admit that they do at times solicit the payment of debts, Defendant has insufficient information to determine whether they solicited debts as defined in the PA Unfair Trade Practices Act in the instant matter and therefore deny same.

60. While Defendants admit that they do at times collect debts, Defendant has insufficient information to determine whether they collect debts or are debt collectors as defined in the PA Unfair Trade Practices Act in the instant matter and therefore deny same.

61.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

62.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

63.     This paragraph is a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this paragraph or any part thereof, it is denied.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in their favor and against Plaintiff as follows:

1.      Denying Plaintiff's requests for relief;

2.      Dismissing all causes of action against all Defendants with prejudice and on the merits; and,

3.      Awarding all Defendants such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, Dragonetti Act and/or PA Unfair Trade Practices Act by Defendants, which Defendant denies, were not intentional and resulted

from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Plaintiff suffered no damage from the alleged violations by Defendant and therefore is not entitled to any award of damages, attorney fees or costs.

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Defendant.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any claim of damages against Defendant.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in their favor and against Plaintiff as follows:

1.    Denying Plaintiff's requests for relief;

2.    Dismissing all causes of action against all Defendants with prejudice and on the merits; and,

3.    Awarding all Defendants such other and further relief as the Court deems just and equitable.

Respectfully submitted,


s/Michael A. Hynum_____

Date: February 14, 2012        Michael A. Hynum, Esquire
Supreme Court ID #PA85692
2608 North 3rd Street
Harrisburg, PA  17110
(717) 774-1357
Fax:  (717) 774-0788
*Attorney for Defendant, LVNV Funding, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

On this 15th day of February, 2012, I certify that a copy of the foregoing ANSWER TO COMPLAINT with AFFIRMATIVE DEFENSES was served upon the following counsel of record for Plaintiff by electronic means via Pacer filing and by placing a copy of same in the United States mail, postage pre-paid and addressed as follows:

Allie & Donham
Jeremy Donham, Esquire
2040 E. Market St.
York, PA 17402


Respectfully submitted,


s/Michael A. Hynum
Date: February 15, 2012          Michael A. Hynum, Esquire
Supreme Court ID #PA85692
2608 North 3rd Street
Harrisburg, PA  17110
(717) 774-1357
Fax:  (717) 774-0788
*Attorney for Defendant LVNV Funding, LLC*